UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS LEWIS,

        Petitioner,

v.                                 Case No. 17-14174

WILLIS CHAPMAN, WARDEN,

        Respondent
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR
REHEARING AND DENYING AS MOOT PETITIONER'S MOTION
TO EXTEND TIME TO FILE A MOTION FOR REHEARING**

Petitioner Darius Lewis, an inmate at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for habeas corpus challenging his felony-murder conviction, Mich. Comp. Laws § 750.316, for which he is serving a term of life without parole. On May 11, 2020, this court issued an "Opinion and Order Denying the Petition for a Writ of Habeas Corpus and Denying a Certificate of Appealability." (ECF No. 17.) Petitioner has now filed a motion for an extension of time to file a motion for rehearing (ECF No. 19) and a motion for rehearing. (ECF No. 20.) For the reasons stated below, the court will deny both motions.

A motion for reconsideration will only be granted where the movant "demonstrate[s] a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and where "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "[T]he court will

not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

A party seeking to amend or alter a judgment under Federal Rule of Civil Procedure 59(e) must show one of four things: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). As with Local Rule 7.1(h), "Rule 59(e) . . . 'may not be used to relitigate old matters.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted); *see also Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd* 194 F. 3d 1339 (Fed. Cir. 1999)) ("[Rule 59(e)] motions . . . are not intended as a vehicle to relitigate previously considered issues.").

Petitioner argues the court failed to review his issues "in the liberally construed manner that would have placed them in their proper context." (ECF No. 20, PageID.1022.) However, "[t]he leniency granted to *pro se* petitioners . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Even with liberal construction, a litigant must meet "basic pleading standards." *Id.* (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989)). The arguments Petitioner raises in the instant motions do not satisfy the standards of either Local Rule 7.1(h) or Rule 59(e). That is, Petitioner has identified no palpable defect by which the court as misled, nor a clear error or law or any of the other Rule 59(e) criteria. Instead, Petitioner re-argues issues that the court has already adjudicated. He reiterates two of the claims presented in his

petition and other pleadings, that trial counsel was ineffective for failing to investigate and call as a witness Petitioner's co-defendant Doyle Mims and that the trial court's failure to permit Petitioner the use of all his peremptory challenges during jury selection was an error of constitutional proportion. As highlighted in the court's opinion and order denying his petition, the court interpreted the record and the law differently. Petitioner's disagreement with the court's conclusions does not demonstrate a palpable defect nor any basis for post-judgment relief. Accordingly,

IT IS ORDERED that Petitioner's motion for rehearing (ECF No. 20) is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion to extend time for motion for rehearing (ECF No. 19) is DENIED AS MOOT.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 11, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 11, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\HEK\Staff Attorney\17-14174.LEWIS.deny.rehearing.PS.HEK.docx